# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **BRANDON STANFORD LAI,** § | |
| *Plaintiff* § | |
| § | |
| **v.** § | **Case No. 1:21-cv-00326-RP-SH** |
| § | |
| **STATE OF TEXAS and BASTROP** § | |
| **MUNICIPAL COURT OF RECORD,** § | |
| *Defendants* § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ROBERT PITMAN**
**        UNITED STATES DISTRICT JUDGE**

Before the Court are the following filings by Plaintiff Brandon Stanford Lai:

- Motion for In Camera Hearing (Dkt. 2);

- Special Original Bill of Complaint in Equity (Dkt. 3);

- Motion to Proceed In Forma Pauperis (Dkt. 4);

- Motion to Allow Plaintiff to Enter Courthouse with this Motion in Place of Photo Identifications (Dkt. 5);

- Motion for Permission to File Electronically and to Receive All Filings and Notices in this Cause to Email (Dkt. 6), all of the preceding filed April 14, 2021;

- Motion to be Filed Under Seal and to Terminate Trust and Wind Up Accounts, filed April 15, 2021 (Dkt. 8);

- Financial Affidavit in Support of Plaintiff's Motion to Proceed In Forma Pauperis, filed April 19, 2021 (Dkt. 9);

- Motion for General Hearing and to Compel Defendants to Answer, filed April 23, 2021 (Dkt. 10); and

- Ex Parte Application for Immediate Emergency Hearing within Seven Days and Settlement, filed May 3, 2021 (Dkt. 18).

The District Court referred this case to the undersigned Magistrate Judge for disposition and

Report and Recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72,

and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. Motion to Proceed *In Forma Pauperis*

After reviewing Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and his Financial Affidavit, the Court finds that Plaintiff is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1) (Dkts. 4, 9). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a review of the claims made in the Complaint under 28 U.S.C. § 1915(e) and recommends that Plaintiff's claims should be dismissed. Therefore, service on Defendants should be withheld pending the District Court's review of these recommendations.

## II. Section 1915(e)(2) Frivolousness Review

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under § 1915(e)(2), a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). A complaint lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28).

**B.  Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)**

Plaintiff's Civil Cover Sheet describes his lawsuit as: "An action for breach of trust, misappropriation of trade secrets and commingling of trust funds" under 18 U.S.C. § 1835, a provision of the Defend Trade Secrets Act ("DTSA"). Dkt. 3-2. Although Plaintiff's Complaint contains nonsensical and incomprehensible statements and allegations, it appears that Plaintiff seeks to use the DTSA to have the Bastrop Municipal Court protect confidential information with respect to a citation for speeding. *See* Dkt. 3 at 1 (stating that the alleged confidential information relates to "Case Number 20210318 and Citation Number #E014632" and documents provided to the "Bastrop Municipal Court of Record"); Dkt. 3-1 at 32, 53.

Section 1835 of the DTSA grants federal courts the authority to "enter such orders and take other such action as may be necessary and appropriate to preserve the confidentiality of trade secrets" during litigation. It does not create a private cause of action.

It is unclear whether Plaintiff attempts to state a claim under other provisions of the DTSA, which contains both civil and criminal provisions, but if so, such a claim also fails. First, there is no private right of action under the DTSA's criminal provisions. *See Vest Safety Med. Servs., LLC*

*v. Arbor Env't, LLC*, No. H-20-0812, 2020 WL 4003642, at *3 (S.D. Tex. July 15, 2020) (dismissing claim under 18 U.S.C. § 1832); *Auto-Opt Networks, Inc. v. GTL USA, Inc.*, No. 3:14-CV-1252-D, 2014 WL 2719219, at *10 (N.D. Tex. June 16, 2014) (same).

If Plaintiff seeks to invoke DTSA's civil provision, 18 U.S.C. § 1836, he fails to state a claim because he has not alleged facts showing that he owns a trade secret. Under the DTSA, a trade secret is defined as information the owner has taken reasonable measures to keep secret and which derives independent economic value from not being generally known or readily ascertainable through proper means. *TFC Partners, Inc. v. Stratton Amenities, LLC*, No. 1:19-CV-58-RP, 2019 WL 369152, at *2 (W.D. Tex. Jan, 30, 2019). Plaintiff alleges that an officer's body camera recording and papers relating to his speeding citation are "trade secret information." Dkt 3 at 1. This subject matter does not constitute a trade secret, so the Complaint fails to state a civil claim under the DTSA. *See Evans v. Presidio Tr.*, No. 19-cv-08025-HSG, 2019 WL 11270441, at *2 (N.D. Cal. Dec. 23, 2019) (dismissing DTSA complaint for failure to state a claim because allegations did not show existence of a trade secret).

Because Plaintiff has failed to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6), his Complaint should be dismissed as frivolous.[1] The Complaint also is subject to dismissal as frivolous because it is based on "fanciful" and "fantastic" allegations. *See Denton*, 504 U.S. at 32-33; *Porter v. Governor of the State of Fla.,* 667 F. App'x 766, 767 (11th Cir. 2016) (affirming dismissal as frivolous plaintiff's claim under 18 U.S.C. § 1831 because allegations in complaint were "fanciful, fantastic, irrational, and/or delusional").

---

[1] Plaintiff has filed frivolous lawsuits in this Court before. *Lai v. Mnuchin*, Case No. 1:10-CV-533-RP (W.D. Tex. July 27, 2020) (dismissed as frivolous).

### III.  Recommendation and Order

Based on the foregoing, the undersigned (1) **RECOMMENDS** that the District Court **DISMISS** Brandon Stanford Lai's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2), and (2) hereby **DISMISSES AS MOOT** Plaintiff's Motion for In Camera Hearing (Dkt. 2); Motion to Allow Plaintiff to Enter Courthouse with this Motion in Place of Photo Identifications (Dkt. 5); Motion for Permission to File Electronically and to Receive All Filings and Notices in this Cause to Email (Dkt. 6); Motion to be Filed Under Seal and to Terminate Trust and Wind Up Accounts (Dkt. 8); Motion for General Hearing and to Compel Defendants to Answer (Dkt. 10); and Ex Parte Application for Immediate Emergency Hearing within Seven Days and Settlement (Dkt. 18).

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 12, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE